UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONNIE LEE HICKS II,<br><br>  Plaintiff,<br><br>  v.<br><br>PAUL PASTOR, et al.,<br><br>  Defendants. | CASE NO. 3:19-cv-05674-RJB-DWC<br><br>ORDER STAYING THE CASE |

Before the Court is Plaintiff Ronnie Lee Hicks II's (hereinafter "Plaintiff") Complaint, which has not been served on Defendants. *See* Dkt. 15. On November 14, 2019, Plaintiff filed a Notice of Appeal, appealing the Order Adopting Report and Recommendation which dismissed Plaintiffs Mathew Gant and Mathew Renguul from this case without prejudice. Dkts. 17, 18, 19, 20, 21. Plaintiff's appeal is currently pending before the Ninth Circuit. *See* Dkt. 21; Ninth Circuit Case No. 19-35957.

While the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v.*

*Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *see Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); *Jenkins v. Vail,* 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (staying motion for summary judgment pending Court of Appeals ruling on order denying motion for temporary restraining order).

Here, because the Ninth Circuit's ruling on the interlocutory appeal could impact the Court's disposition of the pending proceedings, waiting until the issues on appeal are decided will avoid potential unnecessary litigation and provide direction to this Court. *See Jenkins,* 2009 WL 3415902 at 1. Thus, the Court finds a stay of the entire matter pending the Ninth Circuit's decision on appeal could serve the interests of fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher,* 467 F.2d at 244.

Accordingly, the Court orders this entire matter be stayed pending resolution of Plaintiff's appeal currently before the Ninth Circuit. While this matter is stayed, motions will not be considered by the Court. Therefore, the parties are directed to refrain from filing motions with the Court until the stay is lifted. Within thirty days of the Ninth Circuit's resolution of the appeal, Plaintiff shall file a status report informing the Court of the status of this matter.

Dated this 19th day of November, 2019.

David W. Christel
United States Magistrate Judge