UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONNIE LEE HICKS, II,

    Plaintiff,

v.

PAUL PASTOR, et al.,

    Defendants.

CASE NO. 3:19-CV-5674-RJB-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Ronnie Lee Hicks II, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. On November 19, 2019, the Court stayed this case pending Plaintiff's interlocutory appeal to the Ninth Circuit. Dkt. 22. On November 27, 2019, the Ninth Circuit granted Plaintiff's Motion for Voluntary Dismissal of the Appeal. Dkts. 23, 24. On December 2, 2019, Plaintiff filed a status report indicating he had withdrawn his appeal. Dkt. 25. Because the Plaintiff has withdrawn his appeal and the Ninth Circuit has now made a determination on Plaintiff's Motion for Voluntary Dismissal of the Appeal, the Court now lifts the stay.

Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff's Complaint contains deficiencies such that the Court declines to serve it at this

time, but provides Plaintiff leave to file an amended complaint by January 16, 2020 to cure the deficiencies identified herein.

**I.     Order**

**II.    Background**

Plaintiffs Ronnie Lee Hicks II, Mathew Gant, and Mathew Renguul, initially filed this Complaint under a single cause of action. Dkt. 15. Plaintiff Hicks filed the only Application to Proceed *In Forma Pauperis* ("IFP"), which the Court granted. Dkts. 13, 14. The Court denied Plaintiff Hicks' Motion for Class Certification (Dkt. 16) without prejudice and dismissed Plaintiffs Gant and Renguul from this action. Dkts. 17, 19. The Court now proceeds to screen the Complaint as it pertains to Plaintiff Hicks (hereinafter "Plaintiff"), the remaining Plaintiff in this matter.

**III.   Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A. Severance

The Complaint was also signed by dismissed Plaintiffs Gant and Renguul. Dkts. 15, 17, 19. Thus, Plaintiff is ordered to file an amended complaint addressing only his *individual* claims and not claims related to either Mathew Gant or Mathew Renguul.[1]

B. Grievances

Plaintiff alleges Defendants Finely, Winslow, Mastandrea, Slothower, Alexander, Graham, Carolous, Allen, and Ake violated his constitutional rights by refusing to provide grievance forms. Dkt. 15. Plaintiff alleges Defendant Jones denied Plaintiff's appeal. Dkt. 15.

However, prisoners do not have a stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding there is no liberty interest entitling prisoners to a specific grievance process). "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances." *Grigsby v. Hubert*, 2009 WL 1861172, *1 (E.D. Cal. June 29, 2009). Defendants Finely, Winslow, Mastandrea, Slothhower, Alexander, Graham, Carolous, Allen, Ake, and Jones cannot be held liable for their actions related to Plaintiff's requests for grievances. Plaintiff is directed to show cause why these claims should not be dismissed.

B. Defendants Allen and Wade - Retaliation

Plaintiff alleges Defendants Allen and Wade threatened to sanction Plaintiff if Plaintiff continued to use the grievance program and "wast[e] staff time." Dkt. 15 at 18. Plaintiff alleges he became afraid of asking for grievance forms and using the grievance program. *Id.*

---

[1] For example, the only allegation in the Complaint related to Defendant Herbison is that Defendant Herbison refused to provide a grievance form for dismissed Plaintiff Gant. Dkt. 15. However, Plaintiff Gant has been dismissed from this action.

To prevail on a retaliation claim, a plaintiff must allege and prove a defendant retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983). In order to establish a retaliation claim, an inmate must show: (1) a state actor took some adverse action against the inmate; (2) because the inmate engaged in constitutionally protected conduct; (3) the adverse action chilled the inmate's exercise of First Amendment rights; and (4) the adverse action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005).

Here, for the purposes of a § 1915A screening, Plaintiff's allegations are sufficient to state a claim that Defendants Allen and Wade retaliated against him for exercising his right to seek redress through the prison grievance system in violation of the First Amendment. However, if Plaintiff elects to file an amended complaint, the amended complaint will act as a complete substitute to the original Complaint, and therefore, Plaintiff must include all claims against Defendants Allen and Wade in the amended complaint.

C. <u>Defendant Pastor</u>

Plaintiff alleges Defendant Pastor, the Pierce County Sheriff, knew, or should have known, Pierce County Jail staff "have a blanket policy to deny inmates grievance forms." Dkt. 15 at 12. Plaintiff alleges Defendant Pastor failed to properly train his staff to provide grievance forms. *Id.*

A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). However, a plaintiff may state a supervisor liability claim against a supervisor for deliberate indifference "based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). A supervisor is only liable for the constitutional violations of his or her subordinates if (1) the supervisor participated in or directed the violations; or (2) knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To impose supervisory liability for failure to train, the supervisor must have been "deliberately indifferent" to the need for "more or different training." *Clement v. Gomez,* 198 F.3d 898, 905 (9th Cir. 2002). A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the defendant had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [his employees] are likely to come into contact;" and (3) his constitutional injury would have been avoided had the defendant properly trained those employees. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001).

Here, Plaintiff alleges Defendant Pastor failed to train and supervise jail staff under his command, but Plaintiff does not allege Defendant Pastor knew of, participated in, or directed any alleged constitutional violations. Dkt. 15 at 12. As noted above, standing alone, the failure to provide grievance forms is not sufficient to support a constitutional violation. *See Ramirez*, 334 F.3d at 860.

Further, there are no factual assertions showing there was a training policy in place which amounted to deliberate indifference. *Id*. Plaintiff does not assert there was a need for more or

different training, and the Complaint contains no allegations Defendant Pastor was deliberately indifferent to a need for more training. For example, Plaintiff has not alleged there is a pattern of constitutional violations under Defendant Pastor's command. *See Flores v. County of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) ("pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train"). The Court also notes Plaintiff does not allege Defendant Pastor had any responsibility for training and supervising Defendants Wade and Allen with respect to the alleged retaliation claims. *See* Dkt. 15.

Plaintiff is directed to show cause why these claims against Defendant Pastor should not be dismissed.

**IV.     Instructions to Plaintiff and Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) *how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights*; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the previous complaints by reference. The amended complaint will act as a complete substitute for the Original Complaint, and not as a supplement. The Court will screen the amended

complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before January 16, 2020, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 16th day of December, 2019.

David W. Christel
United States Magistrate Judge